**Jack ORTMAN, Plaintiff,**

v.

**William Patrick CLARK, Defendant.**

Civ. A. No. 84–0018.

United States District Court,
District of Columbia.

Sept. 12, 1984.

John J. Privitera, Washington, D.C., for plaintiff.

Pamela S. West, Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

GESELL, District Judge.

Jack Ortman brought this suit against the Secretary of the Interior contending that the rejection of his application for an oil and gas lease under the simultaneous filing program administered by the Bureau of Land Management was arbitrary and capricious. The case is before the Court on defendant's motion for summary judgment, which has been fully briefed by the parties.

Ortman filed a drawing entry card for an oil and gas lease under the Bureau of Land Management's program, pursuant to the Mineral Lands Leasing Act, 30 U.S.C. § 226(c), for awarding by lottery drawing leases filed on lands "without any known geologic structure of a producing oil or gas field." In the July, 1981 lottery conducted by the Bureau's Wyoming office, his card was the first chosen for parcel WY–2723. The Bureau subsequently rejected his application, finding that he was not qualified for the lease. That decision was upheld on administrative appeal on October 6, 1983.

The Bureau based its objection on the fact that in the space provided for the applicant's name on the top of the front side of the drawing entry card, Ortman printed not his name but that of his granddaughter, Tonia Faris, a minor. The Bureau's regulations provide that "[l]eases shall not be acquired or held by one considered a minor under the laws of the State in which the lands are located, but leases may be acquired and held by legal guardians or trustees of minors in their behalf." 43 C.F.R. § 3102.3.

Conceding that he is not his granddaughter's guardian or trustee, Ortman contended both to the Bureau and to this Court that he meant to be applying in his own name. He put his granddaughter's name on the entry card, he maintains, only as a personal reminder to himself that he eventually planned to transfer the rights to the lease to her. As evidence for his intent, he points to the fact that he signed the application on the back in the space for "applicant's signature," and that his last name and address appear on the address line on the front of the card. Ortman argues that the instructions on the entry card are ambiguous as to whose name is to be printed at the top of the front side, and that he should not be denied his right to the lease for what he contends is a technical defect in his filing.

The disingenuousness of Ortman's argument is plain from an examination of the entry card, a photocopy of which is appended to this opinion. The application requires the applicant to print or type "last name," "first name" and "middle initial." The fact that it does not specify *"applicant's* last name" hardly establishes any ambiguity as to whose name the card calls for. Nor can it be said that Ortman's signature on the back and his last name on the address line on the front rescue his application from the appearance of being an application filed by Tonia Faris. His signature was reasonably found by the administrative judge to be illegible. His name on the front appears only on a line that gives the applicant's address as "7 East 48th St. c/o Ortman." Based on these uncontroverted facts, the Court cannot say that it was arbitrary and capricious for the Bureau to reject the application as one made on behalf of an unqualified minor.

Ortman also argues that the rejection was contrary to the agency's practice and contrary to case law overturning lease rejections based on hypertechnical defects in the application. These arguments also are unavailing. Ortman has shown no decisions by the agency inconsistent with the treatment he received.[1] The cases he does cite give no support for his position. *See Brick v. Andrus*, 628 F.2d 213 (D.C.Cir. 1980); *Blanche Chomicki*, 51 I.B.L.A. 128 (1980). The technical violations in those cases, and in other cases such as *Conway v. Watt*, 717 F.2d 512 (10th Cir.1983), stand in sharp contrast to Ortman's substantive violation, which created the clear impression to any reasonable person that the application was made not for himself but for Tonia Faris.

There is no indication in this case that Ortman used his granddaughter's name so that he could make more than one application for the lease, in violation of the Bureau's regulations that give a party only one fair chance at winning the lottery on a lease. *See* 43 C.F.R. § 3112.5–1(b) (1983). However, it is clear that if the courts were to require the kind of liberality in reading entry cards that Ortman proposes, such abuse of the application process would be made far easier. This is all the more reason to reject his arguments.

Since the plaintiff has raised no issues of material fact, and since the defendant on these facts is clearly entitled to judgment, the Court grants the defendant's motion for summary judgment. An appropriate Order is filed herewith.

---

1. The Court on July 3, 1984 allowed Ortman to conduct discovery for the limited purpose of determining if any material facts were in dispute. Ortman submitted a document request essentially asking the agency to search its files for instances of leases that were granted on facts that might support his position. The Bureau objected to this request as unduly burdensome in that there are about 80,000 leases outstanding with 18,000 to 20,000 applications made each year, and that there is no computerized or other easy way of locating such cases. It advised him to consult the index digest of the Interior Board of Land Appeals. This was not an unreasonable response to the document request.

APPENDIX

FORM APPROVED
BUDGET BUREAU NO. 42-R1802

Form 3117-1
(July 196..

PRIORITY___

UNITED STATES
DEPARTMENT OF THE INTERIOR
BUREAU OF LAND MANAGEMENT

Drawn 8·26·81

POSTAGE AND FEES PAID
U.S. DEPARTMENT OF THE INTERIOR
INT 415

U.S.MAIL

76417

SIMULTANEOUS OIL AND GAS LEASE APPLICATION ___ 10 / cc

**Print or Type**

FARIS | TONIA

Last name | First name | Middle initial

Parcel number applied for  WY Y 7 2 3

7 EAST 48th ST. c/c ORTman

Street Address

NEW YORK c NEW YORK 10017

City | State | Zip code

## INSTRUCTIONS

Use applicant's personal or business address. Do *not* use the address of any other person or entity in the business of providing assistance to those participating in the simultaneous oil and gas leasing system.

Identify the parcel applied for in the appropriate blocks by the proper parcel number, including the State abbreviation, as shown on the notice of lands available. No copies or facsimiles of this form will be accepted.

The return of this application indicates that you were not successfully selected and completion is rejected. 2723

If statements of qualifications have been filed previously, identify serial records involved_____.
Attach amendments if the statements on file are not current.

Other Parties in Interest — All other parties who own or hold any interest in this application, or the offer or lease which may result, must be named below *(or on a separate attached statement)*. All such interested parties must furnish evidence of their qualifications within 15 days of the filing of this application. See 43 CFR 3102.2–7. A "yes," answer to (d) or (e), at right, indicates the existence of another party in interest.

(c) Applicant is in compliance with acreage limitations set forth in 43 CFR 3101.1–5 and 3101.2–4.
(d) Does any party, other than the applicant and those identified herein as other parties in interest, own or hold any interest in this application, or the offer or lease which may result?  ☐ Yes ☒ No
(e) Does any agreement, understanding, or arrangement exist which requires the undersigned to assign, or by which the undersigned has assigned or agreed to assign, any interest in this application, or the offer or lease which may result, to anyone other than those identified in addition as parties in interest?  ☐ Yes ☒ No
(f) Does the undersigned have any interest in any other application filed for the same parcel as this application?  ☐ Yes ☒ No
(g) I have read and I understand the criminal warning below, and I have responded to the above questions and statements truthfully and completely, to the best of my knowledge.

Applicant's Signature *(manually, in ink)* | Date 7/13/81

UNDERSIGNED CERTIFIES AS FOLLOWS *(check appropriate boxes)*:
(a) Applicant is a citizen of the United States; an association of such citizens; a corporation organized under the laws of the United States, or any State or Territory thereof; or a municipality.
(b) Applicant is not considered a minor under the laws of the State in which the lands covered by this application are located.

Agent's Signature *(manually, in ink)* | Date

WARNING: 18 U.S.C. 1001, MAKES IT A CRIME, PUNISHABLE BY 5 YEARS IMPRISONMENT AND A FINE OF UP TO $10,000, OR BOTH, TO KNOWINGLY AND WILLFUL' 'MAKE ANY FALSE, FICTITIOUS, OR FRAU' '.ENT STATEMENTS OR REPRESENTATION REGARDING THE ABOVE MAT S.